IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

**SHAMIN CHUA**  CASE NO.
1400 F STREET
WOODBRIDGE, VA 22191

    PLAINTIFF

                          COMPLAINT AND JURY DEMAND

- VS. -

FOREST RIVER, INC.
55470 COUNTY RD. 1
ELKHART, IN 46514

    DEFENDANT

---

**PRELIMINARY STATEMENT**

1. This case is about a defective 2022 Forest River Sunseeker 2550DS recreational vehicle ("RV") that was build and warranted by Defendant Forest River, Inc. Defects include, but are not limited to, a defective main slide out, which was subject to repair 4 times over a period of about 155 days and is still not fixed.

2. This case involves claims asserted under the Indiana, New York and/or Virginia Uniform Commercial Code, and the Magnuson Moss Warranty Act.

3. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different

- 1 -

        states, invoking 28 USC 1332.

4. The RV which is the subject of this dispute was acquired by Plaintiff in New York and was defective when acquired; ineffective repair attempts were made upon the subject RV by Defendant's authorized representative dealerships in New York and Virginia and by Defendant at its factory service center in Indiana; Defendant Forest River, Inc. controlled the speed and processing of warranty repairs from its factory in Indiana; the place where the relationship of the parties arose is New York and Indiana because the warranty obligations of defendant were received by Plaintiff with the purchase of the subject RV in New York and made by Defendant from its factory in Indiana; and Forest River, Inc. advertised and solicited the sale of the RVs which it manufactured, including Plaintiff's RV, in New York.

## IDENTIFICATION OF PARTIES

5. Shamin Chua is a natural person domiciled and residing in Virginia and is a consumer and buyer within the meaning of applicable laws.

6. Defendant Forest River, Inc. ("Forest River") was at all times relevant a corporation doing business in Indiana and elsewhere and is the manufacturer of the subject RV that Plaintiff acquired from Wilkins Recreational Vehicles, Inc. in Churchville, New York. Defendant has its principal place of business in, is domicile in, and is a citizen and resident of Indiana. Defendant was, at all times relevant, engaged in the business of selling and servicing recreational vehicles through its authorized dealerships and agents,

including Wilkins Recreational Vehicles, Inc., in Churchville, New York.

7. The Plaintiff acquired the subject RV from Wilkins Recreational Vehicles, Inc., in Churchville, New York. Wilkins Recreational Vehicles, Inc. performed any pre-sale warranty repairs on the RV, and Plaintiff presented the subject RV for repairs under the Forest River warranty to Wilkins Recreational Vehicles, Inc. At all times relevant, Wilkins Recreational Vehicles, Inc. was a supplier, merchant and an authorized representative and agent of Forest River in New York for the sale and servicing of Forest River products in New York. At all times relevant, Wilkins Recreational Vehicles, Inc. was authorized by Forest River to act for it as its authorized agent and representative in New York in all respects related to the sale of the RV involved in this case and the attempted performance of warranty repair and service work upon the subject new Forest River RV.

8. The Plaintiff presented the subject RV for repairs under the Forest River warranty to Camping World - McGeorge's, in Ashland, Virginia. At all times relevant, Camping World - McGeorge's was a supplier, merchant and an authorized representative and agent of Forest River in Virginia for servicing of Forest River products Virginia. At all times relevant, Camping World - McGeorge's was authorized by Forest River to act for it as its authorized agent and representative in Virginia in all respects related to the attempted performance of warranty repair and service work upon the subject new Forest River RV.

9. The Plaintiff presented the subject RV for a final repair opportunity under the Forest River warranty, at Defendant Forest River's request, to Defendant Forest River at its

factory service center, in Goshen, Indiana, for repairs under the Forest River warranty.

## FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT

10. This case involves a defective 2022 Forest River Sunseeker 2550DS recreational vehicle that Defendant warranted and contracted to warrant but which it was not able to repair within a reasonable number of chances or within a reasonable amount of time and whose warranty and/or contract defendant breached.

11. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

12. This claim is for breach of express and/or implied warranties and/or contract of warranty by Defendant in Indiana, New York and/or Virginia.

13. As a result of the above, and the allegations below, inter alia, Defendant breached its warranty and/or contract to the injury of Plaintiff.

14. At all times relevant, Wilkins Recreational Vehicles, Inc. was a supplier and merchant and an authorized representative and agent of Defendant. Wilkins Recreational Vehicles, Inc. was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject RV. Plaintiff acquired the subject RV from Wilkins Recreational Vehicles, Inc. and Wilkins Recreational Vehicles, Inc. performed repairs to the subject RV under Defendant's warranty.

15. At all times relevant, Camping World - McGeorge's was a supplier and merchant and an authorized representative and agent of Defendant. Camping World - McGeorge's was

authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject RV. Camping World - McGeorge's performed repairs to the subject RV under Defendant's warranty.

16. At all times relevant, the Forest River factory service center was authorized to act for Forest River in all respects related to warranty repair work performed or attempted on the subject RV. The Forest River factory service center performed repairs to the subject RV under Defendant's warranty.

17. On or about April 19, 2022 the parties entered into a consumer transaction, in that Plaintiff agreed to acquire from Wilkins Recreational Vehicles, Inc., Wilkins Recreational Vehicles, Inc. agreed to sell to Plaintiff, under the terms of a finance agreement with Bank of America, and Defendant contracted and/or agreed to warrant the RV to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2022 Forest River Sunseeker 2550DS RV believed to bear VIN No. 1FDXE4FN0NDC17327, and whose total cost including financing and down payment was about $144,948.80.

18. Plaintiff acquired the RV in reliance on the existence of a written warranty and/or contract of warranty from Defendant and on advertising representations and/or warranties of Defendant.

19. The purpose of Defendant's warranty and/or contract of warranty was (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiff confidence in the reliability and quality of the

RV, and (c) to give Plaintiff confidence in the Defendant's representations about the subject RV and the RVs Defendant designed and built, and (d) to give Plaintiff confidence in Defendant itself as a responsible company that lived up to its representations, its word, and its warranties.

20. After acquiring the RV, Plaintiff discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems.

21. The defects in the RV, which were substantial and existed in the materials and workmanship caused by Forest River, included, but are not limited to:

- Slide Out Malfunction (Won't Go In/Out All the Way, Grinding Noise, Not Sealing & Water Getting In);
- Sony Head Unit Loose & Missing Mounting Frame;
- Fiberglass Damage Around Slide Out;
- Leveling Jacks Out of Calibration;
- Water Stain from Slide Out Leak;
- Left Camera & Turn Signal Stopped Working;
- Chassis Exhaust Leak; and
- Rear T-Mold on Main Slide Out Scratched.

22. Defendant was notified of defects and non-conformities in the RV and the authorized repair facility's failed repair attempts repeatedly prior to filing this case.

23. In all respects, Plaintiff substantially if not completely performed her obligations under the RV's warranty from Forest River and Forest River did not perform its obligations, as set forth herein above and below.

24. Because of the contract and/or warranty-covered defects, Plaintiff notified Defendant and/or one of its authorized servicing dealers of the numerous defects and on various

dates delivered the motor coach into the possession of Defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning shortly after the sale.

25. On or about April 20, 2022, prior to delivery of the RV to Plaintiffs, Wilkins Recreational Vehicles, Inc., a Forest River authorized dealer, performed repairs to the following defects under Defendant's warranty:

- Slide Out Malfunctions;
- Leveling Jacks Out of Calibration.

26. On or about April 25, 2022, just 5 days after taking delivery, Plaintiff reached out to Wilkins Recreational Vehicles, LLC, Forest River's authorized dealer, to let the dealer know that the slide out was broken again, that it had slid out 3-4 inches during the drive, and that it appeared as if the gear on the bottom was broken. Wilkins Recreational Vehicles, LLC instructed Plaintiff to take the RV to the nearest Forest River dealer for repairs.

27. Unfortunately, the earliest appointment that Plaintiff was able to secure for repairs at a Forest River authorized dealer near her was not until the end of June 2022.

28. On or about June 20, 2022, Plaintiff presented the RV to Camping World - McGeorge's, a Forest River authorized dealership, for about 26 days for repair of the following defect:

- Slide Out Malfunctions.

29. On or about October 24, 2022, Wilkins Recreational Vehicles, LLC reached out to Plaintiff on the six month anniversary of her purchase, and Plaintiff informed the dealership that she had only been able to use the RV twice in 6 months, including her drive home, due to the fact that the slide out remained unrepaired. Plaintiff also provided

Wilkins Recreational Vehicles, LLC with a list of continued defects with the RV that remained unrepaired, including:

- Slide Out Malfunctions (still broken, will slide out several inches when driving, and allows water to get inside the RV);
- Sony Head Unit Loose & Missing Mounting Frame;
- Left Camera & Turn Signal Stopped Working;
- Fiberglass Damage Around Slide Out;
- Leveling Jacks Out of Calibration.

30. On or about December 19, 2022, Plaintiff presented the RV to Camping World - McGeorge's, a Forest River authorized dealership, for repair of the following defects under the Forest River warranty for about 102 days:

- Slide Out Malfunctions (still broken, will slide out several inches when driving, and allows water to get inside the RV);
- Sony Head Unit Loose & Missing Mounting Frame;
- Left Camera & Turn Signal Stopped Working;
- Fiberglass Damage Around Slide Out;
- Leveling Jacks Out of Calibration.

31. On or about January 6, 2023, Plaintiff was informed that the dealership was expecting the parts necessary for the repairs to be delivered on or about January 19, 2023.

32. On or about January 17, 2023, Plaintiff was informed that the parts necessary for the repairs had arrived and they expected to have the repairs completed the next Tuesday.

33. On or about March 31, 2023, Plaintiff made arrangements to pick up the RV from the dealership.

34. On or about April 1, 2023, Plaintiff contacted Camping World - McGeorge's to report that she was turning around and bringing the RV back to the dealership for repairs, since water was still coming in around the slide out, the floor in the dining room was wet, and

she could see water running down the walls.

35. On or about April 28, 2023, Plaintiff received a message from Camping World - McGeorge's, and Plaintiff let the dealership know the current problems and provided photos and videos of the ongoing defects.

36. On or about June 2, 2023, Plaintiff provided written notice to Forest River, advising it of the substantial defects, including a list of substantial defects, and providing Forest River with an opportunity to repair the RV.

37. Subsequently, Forest River requested an opportunity to repair the RV at its factory service center, in Goshen, Indiana. Plaintiff provided Defendant with a list of the unrepaired defects to be repaired during this final repair opportunity.

38. On or about July 27, 2023, the RV was transported to the Forest River factory service center for repair of the following defects under the Forest River warranty for about 26 days:

- Slide Out Malfunctions (Won't Go In/Out All the Way, Grinding Noise, Extending While Driving, Not Sealing & Water Getting In);
- Fiberglass Damage Around Slide Out;
- Leveling Jacks Out of Calibration;
- Water Stain From Slide Out Leak;
- Left Camera & Turn Signal Stopped Working;
- Chassis Exhaust Leak;
- Rear T-Mold on Main Slide Out Scratched;
- Multiple Areas of Body Work.

39. After the RV was returned to Plaintiff following factory repairs, Plaintiff discovered that the slide out and the leveling system were still malfunctioning, and both remained unrepaired.

40. Plaintiff had numerous phone calls and emails with Forest River, Inc. and its dealers and/or other entities for help with the RV, and during most if not all of these, Plaintiff was in Virginia.

41. After being in the repair shop for about 4 separate times being out of service a total of about 155 days and accumulating about 8 defects since its acquisition, Plaintiff notified Defendant that she wanted her money back but Defendant would not do that.

42. Defendant Forest River's warranty and/or contract of warranty on this RV "covers the RV against *Substantial Defects* in material and workmanship attributable to Forest River's manufacture and assembly of the RV" for "a period of one (1) year from the date of purchase of the RV". In spite of that, this RV was plagued with numerous substantial defects in materials and workmanship that are the fault of Forest River and are still not repaired.

43. Forest River promised Plaintiff that a "repair" would be provided to her if a substantial defect was found to exist. Even though over 5 substantial defects were found and Forest River was given numerous chances to remedy the defects, Forest River failed to do so as promised, in spite of numerous complaints and opportunities and amounts of time to comply with Forest River's lawful obligation.

44. In spite of Defendant's obligations, when Plaintiff complained of the inability of Defendant and its authorized warranty-repair facility to repair the RV, Defendant did not repair the subject RV.

45. Prior to filing this case, including on June 2, 2023 and one or more other dates, Plaintiff

provided notice to Defendant about its authorized dealer's failure to adequately repair the RV, its failures to live up to its warranty and/or contract.

46. As a result Defendant breached its express and/or implied warranties and/or contract of warranty.

47. Instead of performing as represented, Defendant did not repair all defects in the RV once and for all time. In short, the defects were not repaired, Plaintiff lost all confidence in the reliability and quality of the RV, and Plaintiff lost all confidence in Forest River as a company.

48. As a result, Defendant's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiff are entitled to all applicable legal and equitable remedies in law.

49. In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiff are entitled to all applicable legal and equitable remedies in law.

50. Through its advertising and otherwise, Defendant represented that the RVs it built were fit for the purpose for which they were designed, that they are safe and suitable RVs for their intended designed use, reliably operable for private transportation and Plaintiff acquired the RV in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

51. Through its advertising and otherwise, Defendant represented that the RVs which it manufactured were of merchantable quality, fit and in proper condition for the ordinary

use for which such RVs are designed and used, and Plaintiff relied on such, but the RV involved in this case was not, however, of merchantable quality.

52. The defects, malfunctions, problems, and non-conformities in the RV severely and substantially impaired its use and/or safety and/or value to Plaintiff.

53. Defendant's failure to timely fix all of the RV's defects has caused Plaintiff to lose confidence in the reliability of the subject RV and in the ability of Defendant to repair the RV's defects.

54. Plaintiff provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the RV, and a final opportunity to repair the RV, but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

55. As a result of the above facts, Defendant breached its warranties and/or contract of warranty and/or representations with respect to RV.

56. One or more of the defects, malfunctions, problems, and non-conformities in the RV were covered under the terms of Defendant's warranties and/or contract of warranty, and Defendant failed to repair the RV, thereby diminishing the use and/or safety and/or value of the RV.

57. Defendant and/or one or more of its authorized dealers had notices of the breaches of its express and/or implied warranties and/or contract of warranty and the defective condition of the subject RV within a reasonable time.

58. Plaintiff suffered and shall continue to suffer actual, incidental and consequential

damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the RV or refund its price in an amount that shall continue to increase, including insurance, title, taxes, loan interest and more.

### SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

59. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

60. This claim is for breach of express and/or implied warranties and/or contract of warranties and/or Defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

61. As a result of the above, among other things, Defendant has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations.

62. As a result of the above, among other things, Defendant breached its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

63. As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

    **WHEREFORE**, judgment is demanded against Defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

## PRAYER FOR RELIEF

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, repurchase and/or rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiff to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

## JURY DEMAND

Plaintiff demands trial by jury on all claims and issues.

Respectfully submitted,

/s/ Elizabeth Ahern Wells_____
ELIZABETH AHERN WELLS
Attorney for Plaintiff
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:   937.432.9500
Fax:               937.432.9503
Email: Beth@BurdgeLaw.com

Y:\data\Chua, Shamin\Core Pleadings\Core Complaint 110223 bw.wpd